White *v.* Phila. R. T. Co., Appellant.

Argued October 17, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Thomas B. K. Ringe,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY TREXLER, P. J., December 27, 1930:

The plaintiff was employed as a watchman for the Union Paving and Construction Company which was doing some work on Allegheny Avenue in the City of Philadelphia. There had been some excavating in the street and the plaintiff's duty was to place red lamps in what is called the dummy or the space between the two tracks. On the evening of the accident, sometime between 5:20 and 6:30 P. M., the plaintiff took 10 or 12 red lamps from the box on the north side of Allegheny Avenue under the railroad bridge. He started to cross Allegheny Avenue, saw no trolley cars coming from either direction. He placed a red lamp in the dummy under the bridge and crossed to the other side of Allegheny Avenue, walked twenty feet and before he crossed the eastbound track, saw the eastbound trolley car standing at Fifth Street, a distance of about 300 feet. He placed another red lamp in the dummy, but because of the unevenness of the ground, he bent over and smoothed the surface so as to permit the lamp to set firmly and as he was straightening up he was struck by the eastbound trolley car.

Plainti knew that if he remained in the position he was in and the car came by, it would strike him, or as he expressed it, "There was not anything else to it, but it would strike me," but he thought he was safe, "because the red lights were there to protect me and a car should stop when they see a red lamp." After the plaintiff saw the car, he paid no further attention to it and as it appears, relied upon the fact that he was carrying red lanterns and that the lights were a warning to the motorman. The lanterns were

not placed to warn anyone connected with the operation of the street car, but were put in the dummy between the tracks, evidently to warn the public that the streets had been dug up.

His duty in distributing the lamps necessarily required him to go from place to place. He was not in the position of one who was repairing the street at some particular spot. He certainly could have avoided the oncoming collision by moving a small distance. If he was near enough to the track to know that the car would strike him if it came on, he was in the same situation and required the exercise of the same care as one who was on the track. The appellant has cited a number of cases bearing upon the question involved in the present inquiry, among them, Kilgallon v. P. R. T., 300 Pa. 451, which resembles the present case in many respects. The plaintiff in that case was employed by a firm of contractors engaged in building a sewer. His duty required him to keep watch at night over the red warning lanterns which were placed along the open trench to see that they were lighted. The trench was dug on the outside of the west bound track about 18 inches from the rail. The plaintiff had crossed the street, passing over both tracks and was engaged in placing a lighted lantern on the trench when he was struck and injured by one of defendant's cars. He had looked and seen no car, but had an unobstructed view of about 300 feet. In that, as in this case, he was leaning over to place the lamp in position. When he heard the car coming, he lifted himself up and was struck. He had no knowledge of the approach of the car until he heard the rumble right on top of him. The comments of Justice SCHAFFER, who wrote the opinion in that case, apply to this.

"Why plaintiff did not observe the approaching car it is difficult to conceive unless he was inattentive to his surroundings. There is no claim that its head-

light was not lighted or that the lights in the car were not burning. The car was within his plain view for 300 feet. He was outside the rail and the slightest movement would have put him beyond the line of danger. This is not a case where workmen are engaged on or close to railway tracks and where the operator of the car with knowledge of their presence must be watchful to avoid injuring them, such as these cases cited by plaintiff."

The plaintiff could have easily avoided the accident if he had exercised reasonable care. We all agree that plaintiff was guilty of contributory negligence. We need not discuss the question of defendant's negligence.

The judgment is reversed and is now entered for the defendant.